UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24444-CIV-COOKE/GOODMAN

DANIELLE SWEENEY,

    Plaintiff,

v.

CARNIVAL CORPORATION, et al.,

    Defendants.

_____/

## ORDER ON DEFENDANT'S WORK PRODUCT AND JOINT DEFENSE ASSERTION TO INCIDENT REPORT PREPARED BY CO-DEFENDANT

This Order concerns an incident report prepared by a defendant company which operates an ATV excursion company in St. Lucia. This lawsuit was filed by the personal representative of a passenger on a Carnival Corporation cruise. The passenger died as a result of injuries sustained on the ATV tour operated by Aanansi ATV Adventure, which prepared an incident report. That incident report wound up in Carnival's possession, and Carnival refused to produce the report in response to a discovery request, arguing that the report is protected by the work product doctrine and the joint defense privilege (and/or the common interest theory).

During a July 17, 2020 discovery hearing, counsel for Carnival and Aanansi argued that the incident report could be withheld in discovery and not produced to Plaintiff.

The discovery request at issue was propounded to **Carnival**, which did not prepare the incident report. Carnival's counsel conceded that *Carnival* was not in a position to establish that the *Aanansi*-generated report was covered by the work product doctrine. Therefore, the Undersigned entered an Order giving Aanansi the opportunity to file submissions designed to establish the work product exception to discovery and to demonstrate the existence of a joint defense arrangement or common interest theory. [ECF No. 60]. I also provided Carnival with the opportunity to file materials to bolster the claim that Carnival and Aanansi had a joint defense agreement or could take advantage of the common interest theory.

In the post-hearing Order, I clearly advised both counsel that Carnival's argument was not compelling, and that Carnival would be required to produce the Aanansi-produced report it possessed "unless the Undersigned receives additional information supporting a contrary ruling." *Id.* at p. 3. I also pointed out that Carnival had not met its burden on its work product assertion and required Aanansi to file the report under seal if it was going to take advantage of the opportunity to file materials in support of the work product claim.

Neither Aanansi nor Carnival filed any materials and Aanansi did not file the report under seal. Therefore, it seems as though Carnival has abandoned its work product

argument or that Aanansi determined that it could not meet its burden or that one or both Defendants decided to not further pursue their positions (and to consequently allow the Court's tentative decision -- that the work product claim had not been established -- to remain intact.).

Because the work product assertion over the Aanansi-prepared Incident Report has not been established, the Undersigned need not determine the existence of a joint defense agreement or the applicability of the common interest theory.[1] The Undersigned now requires Carnival to produce that report to Plaintiff by July 30, 2020. *See generally Bridgewater v. Carnival Corp.*, 286 F.R.D. 636 (S.D. Fla. 2011) (noting the well-established point that the party claiming a privilege has the burden to prove its applicability and all of its essential points, and holding that the incident reports prepared by the excursion company -- which operated a catamaran sailing company in Montego Bay, Jamaica used

---

[1] The joint defense and common interest doctrines are extensions of the work product doctrine, permitting parties to exchange work product without waiving the privilege. *Fojtasek v NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 654 (S.D. Fla. 2009) (collecting cases). If the work product claim is not established as a threshold matter, then there is no need to see if the parties can safely exchange work product material under the joint defense or common interest theories.

by Carnival -- were *not* protected by the work product doctrine).[2]

**DONE AND ORDERED** in Chambers, in Miami, Florida, on July 28, 2020.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

---

[2] The law firm which represented Carnival in *Bridgewater* also represents Carnival in the instant case.